UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

QUINCY L. WALKER,

                      Plaintiff,

                                                                 DECISION AND ORDER

                                                                 06-CV-6479

                      v.

DR. WESLEY CANFIELD, et al.,

                      Defendants.
_____

       Plaintiff, Quincy Walker, appearing *pro se,* commenced this action under 42 U.S.C. § 1983, alleging various violations of his constitutional rights by certain employees of the New York State Department of Correctional Services ("DOCS") while plaintiff was an inmate in the custody of DOCS. Defendants have moved to dismiss the complaint (Dkt. #13). Defendants' motion is granted.

       On November 19, 2008, the Court issued an order to show cause. The order directed the parties to inform the Court in writing as to the status of the case on or before December 19, 2008. Failure to respond to the Court's order could result in the case being dismissed for failure to prosecute. The order was mailed to plaintiff at his address listed on the docket sheet, Elmira Correctional Facility, and also to plaintiff at the Cayuga Correctional Facility, the facility listed on DOCS' website (http://www.docs.state.ny.us/) as the place where the Department of Corrections

considers him to be located. As of this date, plaintiff has not responded to the Court's order to show cause.

The Second Circuit has directed district courts to consider five factors, none of which is dispositive, in deciding whether to dismiss an action for failure to prosecute: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) the likelihood that the defendant will be prejudiced by further delay; (4) the balance between the need to alleviate court calendar congestion and the plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions. *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Those factors weigh in favor of dismissal here. Plaintiff has taken no steps to prosecute this case in over six months. On April 29, 2008, plaintiff moved for an extension of time to file a response to the defendants' pending motion to dismiss. That motion was granted and the Court gave plaintiff until June 6, 2008 to file a response. No response was ever filed by plaintiff, nor did he request additional time to file such a response. In light of plaintiff's apparent lack of interest in continuing to pursue this action, I see no reason to require defendants to continue to expend any further time or effort in this case.

In addition, Local Rule 41.2 provides that an action is subject to dismissal for failure to prosecute if it "has been pending for more than six months and is not in compliance with the directions of the Judge or a Magistrate Judge ... ."

All those conditions for dismissal have been met here. For all these reasons, defendants' motion to dismiss the complaint (Dkt. #13) is granted and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated:      Rochester, New York
            December 31, 2008